**Hovsep HOVSEPYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–71137.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006 *.

Filed Nov. 14, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Asbet A. Issakhanian, Esq., Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Justin A. Savage, Annette M. Lang, David V. Bernal, Attorney, Anthony C. Payne, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Hovsep Hovsepyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence and may reverse only if the evidence compels such a

result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Prasad v. INS,* 47 F.3d 336, 338 (9th Cir.1995). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Hovsepyan did not establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Mohammed v. Gonzales,* 400 F.3d 785, 794–95 (9th Cir. 2005) (requiring petitioner to "show: (1) an incident ... that rise[s] to the level of persecution; (2) that [wa]s 'on account of' one of the statutorily-protected grounds; and (3)[wa]s committed by the government or forces the government is either 'unable or unwilling' to control)" (quoting *Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000)). Hovsepyan failed to identify his attackers and failed to establish that the attack was motivated by Hovsepyan's political opinion. *See Sangha v. INS,* 103 F.3d 1482, 1488, 1490 (9th Cir.1997) (discussing ways applicant may establish political opinion and that harm was based on that political opinion).

Because Hovsepyan did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard of proof for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Hovsepyan waived his claim for relief under the CAT by not challenging the IJ's denial, affirmed by the BIA, in his opening brief. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.